## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FIRST CLASSICS, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JACK LAKE PRODUCTIONS, INC., | ) | |
| a Canadian corporation, and | ) | |
| JAAK JARVE, an individual | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, First Classics, Inc. ("First Classics" or "Plaintiff"), a Delaware corporation, by and through its attorneys, Lavelle Law, Ltd., and for its Verified Complaint against the Defendants, Jack Lake Productions, Inc. ("Jack Lake"), a Canadian corporation, and Jaak Jarve ("Jarve"), an individual (collectively, "Defendants"), respectfully states as follows:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement, trademark dilution and a preliminary injunction under federal law and breach of contract under Illinois law. First Classics brings this action because Defendants are producing and distributing printed materials under a confusingly similar trademark in violation of First Classics' rights. First Classics seeks to enjoin Defendants' actions, recover damages and Defendants' profits, and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2.      First Classics is a Delaware corporation operating its principal place of business at 980 N. Michigan Ave., Suite 1400, Chicago, Cook County, Illinois 60611.

3.      Jack Lake is a Canada corporation incorporated in Toronto, Ontario, operating its principal place of business at 418 Hounslow Ave., Toronto, Ontario M2R 1H6, Canada.

4.      Jarve is an individual and citizen of Canada residing at 418 Hounslow Ave. Toronto, Ontario M2R 1H6, Canada.

## JURISDICTION AND VENUE

5.      This action arises under the Lanham Act, 15 U.S.C. § 1501, *et seq.*

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and Fed R. Civ. P. 65.

7.      This Court has supplemental jurisdiction over First Classics' Illinois law claims pursuant to 28 U.S.C. § 1367

8.      This Court has personal jurisdiction over Defendants because Jarve exchanged extensive communications, negotiated, and transacted business with a corporation with its principal place of business in Chicago, which ultimately resulted in the execution of the Limited License Agreement (the "License Agreement") entered into by the Parties.

9.      This Court also has personal jurisdiction over Defendants because Jack Lake actively markets and sells its infringing products to Illinois residents and the United States as a whole via its interactive website and ships its infringing products to the same.

10.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events giving rise to First Classics' claims occurred in this judicial

district and Defendants are not residents of the United States, thus they may be sued in any judicial district.

11.     Jurisdiction and venue are also appropriate in this Court pursuant to Paragraph 13 of the License Agreement entered into by First Classics and Jack Lake on November 25, 2002, which states, "[l]icensee consents to any Court in Chicago, Illinois as the sole venue for any litigation with respect to any matter touching upon the subject matter of this Agreement." See License Agreement, at ¶ 13, attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

12.     First Classics is an American publishing company in the business of producing, printing, distributing, and selling comic books/graphic novels.

13.     First Classics is the record trademark owner of "Classics Illustrated" and "Classics Illustrated Junior" (collectively the "Trademarks") which includes the words, letters, numbers, design and stylized words associated therewith; additionally, "Classics Illustrated" is protected by its Section 8 Declartion, while "Classics Illustrated Junior" is protected by its Section 8 and Section 15 filings. See Trademark Registration and Assignment Documentation, attached hereto as **Group Exhibit 2**.

14.     The existence of these valid and subsisting federal trademark registrations constitutes *prima facie* evidence of the ownership and validity of First Classics' Trademarks.

15.     On November 25, 2002, the Parties entered into the License Agreement, pursuant to which First Classics agreed to permit Defendants to reprint, distribute, and sell certain comic books/graphic novel titles which included the Trademarks and in exchange, Defendants agreed to pay "[t]he sum of U.S. $12,500.00 (the 'License Fee') against 10% of net sales of all Classics Illustrated Juniors and Special edition books sold, and 10% of all corporate advertising and/or

promotional revenues relating to classics Illustrated Juniors and Special Editions." See Exhibit 1 (License Agreement), ¶ 12(A).

16.     The duration of the License Agreement expressly includes a ten (10) year period beginning on December 1, 2002, and expiring on November 30, 2012, with a short extension that terminated on September 30, 2013. Id. at ¶ 2A.

17.     After the License Agreement expired, Defendants started to reproduce Plaintiff's comic books/graphic novels, and thereafter marketed and sold the same with marks glaringly similar to the Trademarks and continue to do so as of the filing of this action without consent or authorization.

18.     In cases where Defendants' comic books/graphics novels are the same as First Classics' titles, Defendants have not changed the look at all and the comic books/graphic novels reproduced, distributed, and sold are identical.

19.     In some cases, Defendants superimposed the terms "Jack Lake Classics" on the comic books/graphic novels while retaining the general look of the Trademarked terms.

20.     An example of First Classics' Trademarks and the marks used by Defendants are reproduced below:

**FIRST CLASSICS' TRADEMARKS**





## DEFENDANTS' MARKS







21.     The above First Classics' Trademarks associated with their "Classics Illustrated" titles and the marks used by the Defendants on their "Classic Comics" titles are nearly identical as follows:

    a. Defendants use of the tag line "Featuring Stories by the World's Greatest Authors", and the placement of the tag line in white letters on a black rectangle below the yellow rectangle used for the brand mark;

    b. same yellow rectangle in the upper left corner of the cover, underlying the brand where Plaintiff's trademark is normally located;

    c. same "open book icon" containing the title number and price with same yellow background;

    d. same title numbers as the Classics Illustrated series;

    e. the products offered for sale are identical in that Defendants are simply placing the name "Classic Comics" on comic books/graphics novels that were previously produced by First Classics as "Classics Illustrated". When first published in the early 1940's the titles were branded as "Classic Comics".

22.     The above First Classics Trademarks associated with their "Classics Illustrated", and "Classics Illustrated Junior" titles and the marks used by the Defendants on their "Jack Lake Classics" titles are nearly identical as follows:

    a. The appearance, font, style and size of the word "Classics" in the Trademarked terms including "Classics", "Classics Illustrated", and "Classics Illustrated Junior";

    b. placement of the brand that includes the word "Classics" in a rectangle in the upper left corner of the cover, and placement of a tag containing the title number and price below the brand rectangle.

23.     See additional examples of Defendants' use of the Trademarks, attached hereto as **Group Exhibit 3**.

**COUNT I**
**TRADEMARK INFRINGEMENT**

24.     First Classics incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

25.     The Trademarks are protectable as they have been registered with the U.S. Patent and Trademark Office by First Classics.

26.     Defendants' use of the Trademarks in connection with the sale of its comic books/graphic novels is likely to cause confusion among consumers because the Trademarks and Defendants' use of the same are nearly identical in appearance and the products produced are identical besides Defendants imposing the name "Jack Lake" on the Trademarks.

27.     Due to the similarity of the Trademarks, the identical product produced and the fact that Defendants were previously licensed to sell the products, consumers will believe that Defendants' product is First Classics, thus causing a high likelihood of confusion among consumers.

28.     Defendants' use of the Trademarks will cause confusion among consumers because the method used by Defendants to sell the products is nearly identical to First Classics' method for sale of the same.

29.     Defendants' use of the Trademarks will cause confusion among consumers because the degree of care likely to be exercised by consumers in purchasing the product is low as the products produced are comic books/graphic novels sold in the same manner.

30.     Defendants' use of the Trademarks and the similarity of the marks used by Defendants shows that Defendants intended to "palm off" their product as First Classics, especially since Defendants previously sold products using the Trademarks under license.

WHEREFORE, the Plaintiff, First Classics, Inc., respectfully requests that this Court enter an Order as follows:

A.     Awarding First Classics any and all profits Defendants received as a result of infringing upon the Trademarks from September 30, 2013, through the date of judgment;

B.     Awarding First Classics compensatory damages in an amount to be proven at trial;

C.     Awarding First Classics attorneys' fees and costs; and

D.     Awarding any additional relief to First Classics this Court deems necessary and just.

**COUNT II**
**TRADEMARK DILUTION**

31.     First Classics incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

32.     The Trademarks have been in existence since 1947 and the Trademarks have been reprinted, marketed, and sold in comic books/graphic novels since then thereby making the Trademarks famous.

33.     Defendants adopted the Trademarks and began to use the same on its comic books/graphic novels after the Trademarks became famous and continued to use the Trademarks after expiration of the License Agreement without payment or authorization.

34.     Defendants' use of First Classics' Trademarks on its comic books/graphic novels has caused dilution to the Trademarks.

35.     Defendants' use of the Trademarks without authorization or consent erodes the Trademarks' effectiveness, as Defendants' marks and the Trademarks are nearly identical.

36.     Defendants' use of the Trademarks without authorization or consent erodes the Trademarks' effectiveness because First Classics' Trademarks are distinctive indicators of the same.

37.     Defendants' use of the Trademarks is commercial and its sale of the same is in commerce.

WHEREFORE, the Plaintiff, First Classics, Inc., respectfully requests that this Court enter an Order as follows:

A.     Awarding First Classics any and all profits Defendants received as a result of dilution upon the Trademarks from September 30, 2013, through the date of judgment;

B.     Awarding First Classics compensatory damages in an amount to be proven at trial;

C.     Awarding First Classics attorneys' fees and costs; and

D.     Awarding any additional relief to First Classics this Court deems necessary and just.

## COUNT III
## PRELIMINARY INJUNCTION

38.     First Classics incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

39.     First Classics has a protectable interest in the Trademarks as the Trademarks are registered with the U.S. Patent and Trademark Office.

40.     First Classics will suffer irreparable harm if the injunction does not issue because Defendants' continued infringement and dilution of the Trademarks will cause First Classics to incur further damages due to Defendants' continued infringement and dilution of the Trademarks.

41.     First Classics does not have an adequate remedy at law because monetary damages are insufficient to prevent Defendants from continuing to infringe and dilute the Trademarks and accordingly, First Classics seeks to enjoin Defendants from the same to protect its business interest in the Trademarks and First Classics' products.

42.     First Classics is likely to succeed on the merits because the License Agreement expired on September 30, 2013, and Defendants have continued to reprint, market, and sell comic books/graphic novels on its website with marks that are glaringly similar to the Trademarks without First Classics' consent and in violation of First Classics' rights.

WHEREFORE, the Plaintiff, First Classics, Inc., respectfully requests that this Court enter an Order as follows:

A.      Granting First Classics its request for a preliminary injunction;

B.      Enjoining Defendants Jack Lake Productions, Inc. and Jaak Jarve from using the Trademarks, selling comic books/graphic novels containing the Trademarks and continuing to dilute and infringe upon the Trademarks;

C.      Ordering that Defendants and its officers, agents, employees, and attorneys and upon those persons in active concert or participation with them, to refrain from diluting and infringing upon the Trademarks;

D.      Setting a hearing on the preliminary injunction as soon as is practicable; and

E.      Awarding any additional relief to First Classics this Court deems necessary and just.

## COUNT IV
## BREACH OF CONTRACT
## (PLED IN THE ALTERNATIVE)

43.     First Classics incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

44.     On February 2015, First Classics filed suit against Defendants in the United District Court for the Northern District of Illinois, Eastern Division, Case No. 1:15-cv-01564 for 1) copyright infringement, 2) tortious interference with contractual relationship and business relationships, and 3) breach/default of contract ("2015 Litigation"). See February 20, 2015, Complaint, attached hereto as **Exhibit 4**.

45.     On May 8, 2015, the Parties agreed to attempt to resolve their dispute through a mediation with Honorable Scott Silverman (ret.) of JAMS mediation company.

46.     On May 8, 2015, during the mediation, the parties settled the 2015 Litigation and executed a Term Sheet for Settlement Agreement (the "Settlement Term Sheet"). See the Settlement Term Sheet, attached hereto as **Exhibit 5**.

47.     Pursuant to the Settlement Term Sheet, Defendants agreed to "no longer refer to itself as publisher of [Classics Illustrated] works, but only as a retailer", "no longer print any new copies of [Classics Illustrated] works", and "not sublicense any rights to the [Classics Illustrated] works." Id. at ¶ 9.

48.     Defendants also agreed to "transfer all rights in any [Classics Illustrated] works or contributions to [Classics Illustrated] works to [First Classics] and otherwise quitclaim any intellectual property rights, **including trademarks** and copyrights, in any contributions to [Classics Illustrated] works including derivative works to [First Classics]." Id. at ¶ 10 (emphasis added).

49.     The Settlement Term Sheet is a valid and enforceable contract.

50.     First Classics performed all of its obligations under the terms of the Settlement Term Sheet and remained willing and ready to perform all future acts and abide by all terms as set forth in said Settlement Term Sheet and execute a final settlement agreement.

51.     Defendant breached the Settlement Term Sheet by refusing to comply with its duties and obligations pursuant to the same and reneging on its agreement to settle the matter and refusing to execute a formal settlement agreement.

52.     First Classics has suffered damages in an amount to be proven at trial as a result of Defendants' failure to comply with the Settlement Term Sheet.

WHEREFORE, the Plaintiff, First Classics, Inc., respectfully requests that this Court enter an Order as follows:

A.     Awarding First Classics compensatory damages in an amount to be proven at trial; and

B.     Order specific performance of the Settlement Term Sheet against Defendants; and

C.     Awarding any additional relief to First Classics this Court deems necessary and just.

Respectfully Submitted,
FIRST CLASSICS, INC.

By:     /s/ Matthew J. Sheahin
        One of Its Attorneys

Matthew J. Sheahin (ARDC No. 6243872)
Jennifer Burt Tee (ARDC No. 6292487)
Joshua Pagan (ARDC No. 6324454)
Lavelle Law, Ltd.
180 N. LaSalle, Suite 2503
Chicago, Illinois 60601
Phone: 312-888-4111
Fax: 312-658-1430
mseahin@lavellelaw.com
jburt@lavellelaw.com
jpagan@lavellelaw.com
S:\7251-7500\7479\First Classics v. Jack Lake\Our 2017 case\Pleadings\Complaint.docx