# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FIRST CLASSICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 1996 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| JACK LAKE PRODUCTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The record reveals that the defendants were served with process shortly after the Complaint was filed. The May 3rd Joint Initial Status Report was made to Judge Coleman, to whom the case was assigned, on behalf of the Plaintiff and Mr. Jaak Jarve – the corporate defendant, Jack Lake Productions not having appeared and apparently refusing to appear. [Dkt. #9]. On May 8, 2017, following a status conference in front of Judge Coleman in which Matthew Sheahin appeared on behalf of the Plaintiff and Jaak Jarve appeared telephonically on behalf of himself, this case was referred here by Judge Coleman for the scheduling of a settlement conference, as jointly requested by the appearing parties. [Dkt. #11, 12]. Although Jack Lake Productions, Inc., a Canadian corporation, was served on 3/21/17 [Dkt. #4-6], it did not file an appearance in the case, and Mr. Jarve was told he could not represent the corporate Defendant.

After the Plaintiff and Mr. Jarve spoke with my courtroom deputy, a settlement conference was scheduled for June 13, 2017, at 10:00 a.m., and the parties were instructed to review my Standing Order in order to ensure full compliance with my instructions for settlement conferences. [Dkt. # 14; April 25, 2017, and April 26, 2017]. On May 15, 2017, Plaintiff's President, Bradford

Berger, allegedly purchased a round trip airline ticket from California to Illinois to participate in the agreed and scheduled settlement conference. *See* Exhibit 2 to Plaintiff's motion. It is unclear whether the ticket is refundable or can be changed for another time and place. On May 30, 2017, Mr. Jarve sent an email to Plaintiff's counsel informing them that he did not intend to participate in the settlement conference due to the claimed "short timeline to respond to [Plaintiff's] pre-settlement conference letter " and his unwillingness "to not participate in the settlement conference." He said that he had made this decision along with his shareholders and expressed his unwillingness to participate in the mediation since it "is simply a waste of time."

Mr. Jarve's email then went into a discussion of the subject matter of the lawsuit and a threat on behalf of JPL that it would be filing a lawsuit in Canada, charging the Plaintiff with illegal use of Canadian copyrighted material. It ended with this threat: please notify "Bradford Berger, that the next time we meet, it will be on Canadian soil in a Canadian courtroom." See Exhibit 3 to Plaintiff's Motion. If the corporate defendant chose not to obtain counsel and appear in the case and at the settlement conference in Chicago, that will be its strategic choice. And if the individual defendant chose not to attend the scheduled settlement conference, he too must bear the consequences of his decision. Strategic decisions have binding consequences. *Crowe ex. rel. Crowe v. Zeigler Coal Co.,* 646 F.3d 435, 444 (7th Cir. 2011); *Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd,* 476 F.3d 421 (7th Cir.2007); *Lynch, Inc. v. SamataMason Inc.,* 279 F.3d 487, 490–492(7th Cir.2002); *United States v. Upton,* 24 Fed.Appx. 564, 565 (7th Cir.2001).

As to Mr. Jarve, he apparently agreed to a conference which he now says he will not attend. And he has done so without regard to the consequences to the Plaintiff or to this court's schedule or to other litigants whose matters could have occupied the June 7th time slot. *Cf. Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir. 1991)(an hour needlessly spent by a court on a

matter is an hour wasted that could profitably have been allocated to parties requiring the court's input). His excuse that there was insufficient time is pretextual. If he needed more time, he needed only to have asked. He didn't. He simply chose to follow the course he deemed best without regard to others. And, notwithstanding his claim that he didn't have ample time to respond, he did. Indeed, his required response to the Plaintiff's submission would have been in accordance with the time accorded every other individual who participates in settlement conferences before me. Instead of following the rules which had been sent to him and of which he was adequately informed, Mr. Jarve waited until the last moment and then simply announced to First Classics, Inc. that he would not attend the scheduled and court ordered settlement conference. Indeed, he did not even have the courtesy or the sense of responsibility of informing the court.

Parties cannot be coerced into settling cases, *United States v. LaCroix*, 166 F.3d 921, 922 (7th Cir. 1999), and if they "want to duke it out, that's their privilege." *Goss Graphics Sys., Inc. v. Dev Indus., Inc.,* 267 F.3d 624, 627 (7th Cir. 2001). But they can be required to attend a settlement conference. *G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F.2d 648, 653 (7th Cir. 1989) (*en banc*). In short, Mr. Jarve – and thus the corporate Defendant which has refused to appear in this case, were aware of the settlement conference since at least April 12, 2017, and, as we have shown, had adequate time to respond to Plaintiff's Settlement Position Paper. It is equally apparent that neither the corporate nor the individual defendant plans to attend the settlement conference.

The issue is what is to be done. Requiring their attendance would serve no useful purpose, at least as far as settlement goes. But parties cannot decide what orders they will abide by and what they find not congenial to their assessment of the case. In light of these developments, the Plaintiff has moved – actually has been forced – to move to cancel the settlement conference [Dkt. #15]

scheduled for 6/13/17 and refer the action back to Judge Coleman so that it may "pursue a default judgment." The Motion also seeks that I award Plaintiff any additional relief I deem "necessary and just." As to the latter, the Motion does not specify any specific action or what would satisfy the Plaintiff or the generally articulated standard. Rather, it leaves me to guess at what the Plaintiff has in mind, or the amount it thinks it has been damaged by the actions of Mr. Jarve. I am unwilling to guess at what the Plaintiff has in mind.

Moreover, there is a significant question in this Circuit of whether a magistrate judge has authority to issue sanctions or grant relief involving damages. Jeffrey Cole, *The Seventh Circuit's Prohibition Against Magistrate Judges Issuing Sanctions Under Rule 37*, 31 (April 2013)(analyzing cases from all of the Circuits and concluding that the Seventh Circuit has, contrary to other Circuits, forbidden magistrate judges from awarding monetary sanctions or entering orders that require the payment of money, regardless of how denominated). The Plaintiff in its two-and-a-half page motion has cited no cases at all – let alone one that might persuade me either that I should guess at the monetary relief that would be fair and just, or that I have authority to do any more than cancel the settlement conference in light of Mr. Jarve's recent behavior.

While I have the authority to require parties who have appeared in a lawsuit to attend a settlement conference, *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir.1989)(*en banc*), it is obvious that requiring either of the defendants to attend the conference would, under the present circumstances, would be an exercise in futility. And the law never requires an idle thing to be done. *Illinois v. ICC,* 722 F.2d 1341, 1348 (7th Cir.1983) (Posner, J.). *See also Cruz-Funez v. Gonzales,* 406 F.3d 1187, 1191 (10th Cir.2005).

The Motion of the Plaintiff to cancel the settlement conference and return the case to Judge Coleman is granted. That aspect of the motion that seeks unspecified relief in the form of what is "fair and just" is denied without prejudice. This does not mean that the plaintiff is not entitled to some relief. But for the reasons discussed above, it will not be granted by me under the motion as presently presented. No appearance will be necessary on the Plaintiff's motion.

All matters relating to the referral having been accomplished, the referral is closed and the case returned to Judge Coleman.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/1/17