UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST CLASSICS, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 17-cv-01996 |
| v. | )<br>) Judge Sharon Johnson Coleman |
| JACK LAKE PRODUCTIONS, INC., a Canadian corporation, and JAAK JARVE, an individual, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, First Classics, Inc, ("First Classics") brought this action against Defendants, Jack Lake Productions, Inc. ("JLP") and Jaak Jarve ("Jarve") for trademark infringement, trademark dilution, a preliminary injunction under federal law, and breach of contract under Illinois law. Defendants moved to dismiss Plaintiff's Complaint for failure to comply with the Illinois Business Corporation Act, and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is granted, in part, and denied, in part.

**Background**

First Classics is a Delaware corporation that produces, prints, distributes, and sells comic books and graphic novels out of Chicago, Illinois. First Classics owns the trademark for "Classics Illustrated" and "Classics Illustrated Junior" (collectively, "Trademarks"), which includes the design and style of the words, letters, and numbers associated with the names. Although Plaintiff's right to transact business in Illinois lapsed in 1992, First Classics filed an application to reinstate its authorization on August 22, 2017.

JLP is a Canadian corporation operating in Toronto, Canada. Jarve, President of JLP, is a Canadian Citizen. Plaintiff contends that this Court has personal jurisdiction over Defendant Jarve

because he conducted extensive communications, negotiated, and transacted business in Illinois that resulted in the execution of the Limited License Agreement (the "License Agreement") as well as other contracts between the Parties. They also allege that there is jurisdiction because Defendants actively marketed and sold the infringing products to Illinois residents and the entire United States via its interactive website.

On November 25, 2002, the Parties entered into the Licensing Agreement, where Defendants paid Plaintiffs in order to reprint, distribute, and sell certain comic books and graphic novel titles containing the Trademarks for a ten year period. The Licensing Agreement contained a forum selection clause that restricted venue for any litigation "touching upon the subject matter of this agreement" to any court in Chicago, Illinois. Jarve signed the Licensing Agreement on behalf of JLP, notating his role as President beneath his signature. After the licensing period expired in September of 2013, Defendants continued to reproduce, market, and sell comic books and graphic novels with marks similar or identical to Plaintiff's Trademarks without First Classic's authorization through the point that Plaintiffs filed suit against Defendants on March 16, 2017.

**Discussion**

Defendants move to dismiss Plaintiff's four Count Complaint alleging various trademark violations pursuant to 805 ILCS 5/13.70(a), as well as Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the following reasons, Defendants' Motion is granted, in part, and denied, in part.

*Lack of Standing*

As a threshold issue, Defendants move to dismiss First Classics' Complaint because they allege that Plaintiff's lack the capacity to sue in an Illinois court since they were not in compliance with the Illinois Business Corporation Act ("IBCA") at the time of filing. *See* 805 ILCS 5/13.70(a).

The IBCA restricts a foreign corporation that does business in Illinois without authorization from being able to maintain civil actions in the State's courts. 805 ILCS 5/13/70(a). Upon filling an

2

application to reinstate authorization, however, "the corporate existence for all purposes shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved." 805 ILCS 5/12.45. Further, "all acts and proceedings of its shareholders, directors, officers, employees, and agents, acting or purporting to act in that capacity, and which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." *Id.*

Although it is true that when Plaintiff filed its Complaint it was not authorized to transact business in Illinois, a fact which could have prohibited this suit, Plaintiff's subsequent application for authorization in August of 2017 cured any impediment to bring suit under IBCA. Accordingly, the Court rejects this basis for dismissal.

*Personal Jurisdiction against Jarve*

Jarve moves to dismiss all claims against him individually based on a lack of personal jurisdiction. Once a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2), the plaintiff must set forth a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In determining whether Plaintiff has met its burden, all pleadings and affidavits are construed in the light most favorable to the plaintiff. *Id.*

It is well-established that personal jurisdiction is contingent upon the defendant having the requisite "minimum contacts" with the district to subject a defendant to legal proceedings in Illinois. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). The requirement of personal jurisdiction is waivable if the parties contract to proceeding in a particular forum. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005)(citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)).

A forum selection clause, like any other contractual provision, is presumed valid "'unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to

3

enforce a contract.'" *Playboy Enters. Int'l, Inc. v. Smartitan (Singapore) Pte. Ltd.*, 804 F. Supp. 2d 730, 734 (N.D. Ill. 2011)(Aspen, J.)(citing *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990)). Under Illinois law, "'when an officer [of the entity] signs a document and indicates next to his signature his corporate affiliation then absent evidence of contrary intent in the document, the officer is *not* personally bound.'" *G2 Enters., LLC v. Nee*, No. 05 C 5803, 2006 U.S. Dist. LEXIS 41761, at *8 (N.D. Ill. June 7, 2006)(Darrah, J.)(citing *White & Brewer Trucking, Inc. v. Donley*, 952 F.Supp. 1306, 1315 (C.D. Ill. 1997))(emphasis added). An exception to this rule can occur when the corporate veil has been pierced and there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist." *Id.* Conversely, the Fiduciary Shield Doctrine can protect a signor from being hauled into Court in his individual capacity for actions he assumed while acting as an officer of the company. *In re Teknek, LLC*, 512 F.3d 342, 345 (7th Cir. 2007) (finding that an appearance as an agent does not make a person a party in an individual capacity that is subject to suit in a personal capacity or personally liable in contract).

Here, the parties entered into a Licensing agreement that contained a mandatory forum selection clause. Jarve, in signing the document above his title as President of JLP, argues that he took this action under the auspices of his official corporate position, which does not bind him individually. Plaintiff maintains that Jarve's status as a shareholder placed him in a position to act in However, Plaintiff offers no evidence beyond mere speculation to demonstrate that Jarve had ulterior motives when he signed the Licensing Agreement. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (finding that a plaintiff "must lead some facts that suggest a right to relief that is beyond the speculative level." (*citing Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011 p))). The Court is not convinced that Jarve was acting outside of his capacity as president when he transacted with First Classics and thus, it finds that he should not be bound by the forum selection clause personally.

4

Since Jarve is not subject to personal jurisdiction for his conduct as President of JLP, all the claims against him are hereby dismissed.

*Failure to State a Claim*

Defendants contend that Count III of Plaintiff's Complaint requesting preliminary injunction should be dismissed under Rule 12(b)(6) because preliminary injunction is a remedy that should not be pled as a cause of action. Defendants also argue that Counts I and II should be dismissed because they fail to state a claim against Jarve pursuant to Rule 12(b)(6). Considering the discussion on personal jurisdiction above, this Court need not address the sufficiency of Counts I and II against Jarve as they are now moot.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Courts have recognized that a preliminary injunction "is a procedural device, not a cause of action." *Hanover Ins. Grp. v. Singles Roofing Co.*, No. 10 C 611, 2012 U.S. Dist. LEXIS 85813, at *26-27 (N.D. Ill. June 21, 2012)(Kendall, J.)(citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981); *Meridian Mut. Ins. Co. v. Meridian Ins. Co.*, 128 F.3d 1111, 1119 (7th Cir. 1997)). While it is appropriate to ask for a preliminary injunction as a form of relief, a "request for a preliminary injunction is not appropriately pled as a substantive cause of action in" a complaint. *Id.* at *27.

Count III of Plaintiff's Complaint merely states the grounds for preliminary injunction relief, but does not state an underlying, substantive cause of action. Falling in line with *Hanover*, this Court

5

finds that pleading a preliminary injunction is an improper to method for petitioning the Court for this type of relief. Accordingly, the Court grants Defendants' motion to dismiss Count III of Plaintiff's Complaint.

**Conclusion**

For the aforementioned reasons, the Court grants Defendants' Motion to dismiss all claims alleged against Jarve in his individual capacity for lack of personal jurisdiction and to dismiss Count III for failure to state a claim. This Motion is denied as to Counts I, II, and IV, which remain against JLP.

IT IS SO ORDERED.

ENTERED:

SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 3/22/2018